UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-80083-CR-ROSENBERG/REINHART**
CASE NO. _____
18 U.S.C. § 1343

FILED BY ____KAN____ D.C.

**May 11, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

CRAIG SHERMAN,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant CRAIG SHERMAN was admitted to the Florida Bar in 1975.

2. Defendant CRAIG SHERMAN practiced law at the law firm of Sherman & Sherman, P.A, in Palm Beach County, Florida.

3. Defendant CRAIG SHERMAN practiced civil law, focusing primarily on business transactions, banking, government, and corporate affairs.

4. Defendant CRAIG SHERMAN served as the town attorney for the Town of Bay Harbor Islands, Florida, located in Miami-Dade County, Florida.

5. Defendant CRAIG SHERMAN maintained an Interest on Trust Accounts (IOTA) account for the law firm of Sherman & Sherman, P.A. at Bank of America, N.A., which account ended in 9382.

6. Since 1986, V1 was a client and friend of defendant CRAIG SHERMAN. V1 maintained a brokerage account ending in 9239 at Morgan Stanley in the name "V1 Enterprises."

7. Since 2012, V2 was a client and friend of defendant CRAIG SHERMAN. V2 maintained a bank account ending in 4444 at Iberia Bank Corporation n/k/a First Horizon Corporation. V2 also maintained a bank account ending in 3346 at Fifth Third Bank, N.A.

## COUNTS 1-8
(Wire Fraud - 18 U.S.C. § 1343)

8. Paragraphs 1 through 7 of the General Allegations section of this Indictment are incorporated by reference as though re-alleged in their entirety herein.

9. From in or about November 2013, through in or about August 2020, in Palm Beach, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CRAIG SHERMAN,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, pictures and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

10. It was the purpose of the scheme and artifice for defendant CRAIG SHERMAN to unjustly enrich himself by making false and fraudulent representations to investors about real estate development opportunities, persuading the investors to invest in these non-existent real estate development opportunities based on those misrepresentations, and using the investment money for his own and his law firm's use and benefit.

## THE MANNER AND MEANS OF THE SCHEME AND ARTIFICE

11. Defendant CRAIG SHERMAN advised clients and friends to invest in real estate development opportunities for projects that were planned or in progress in South Florida, including in the Town of Bay Harbor Islands.

12. Defendant CRAIG SHERMAN falsely told V1 that he was authorized to broker the sale of development rights to certain real estate development projects in the Town of Bay Harbor Islands to private investors. Defendant CRAIG SHERMAN further told V1 that investors could invest in those projects by loaning money to the developers.

13. Defendant CRAIG SHERMAN falsely told V2 that he was authorized to broker investments in various real estate development projects in South Florida. Defendant CRAIG SHERMAN told V2 that private investors could invest in those projects by loaning money to the developers.

14. Defendant CRAIG SHERMAN solicited V1 and V2 to invest in the development rights and in the real estate development projects and promised V1 and V2 that they would receive interest payments at a rate of between 6% to 10% annually. Defendant CRAIG SHERMAN further promised V1 and V2 that they would receive full repayment of the principal at an agreed upon time in the future.

15. Defendant CRAIG SHERMAN drafted documents including Promissory Notes for V1 and V2 that memorialized the terms of the investment agreements.

16. Defendant CRAIG SHERMAN falsely told V1 that an alleged moratorium had been placed on various real estate projects in the Town of Bay Harbor Islands which were the subject of V1's investment. As a result of this alleged moratorium, Defendant CRAIG SHERMAN told V1 that he would temporarily stop making interest payments to V1.

17. Defendant CRAIG SHERMAN did not invest V1 and V2's money as promised. Defendant CRAIG SHERMAN used V1 and V2's investment funds for his own personal use and benefit, his law firm's use and benefit, and to sustain the fraud by paying the interest payments to V1 and V2 with their own money.

## USE OF THE WIRES

18. On or about the dates indicated below in Palm Beach, Broward, and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CRAIG SHERMAN,**

for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property, did knowingly cause to be transmitted in interstate commerce, certain writings, signs, signals, pictures and sounds by means of wire communication, as more particularly described below:

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 1 | 06/04/18 | $250,000 wire transfer from V1's Morgan Stanley account in Florida, via Citibank, to Sherman & Sherman, P.A's IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 2 | 07/17/18 | Deposit of V2's $500,000 check (#1316) from Iberia Bank in Florida to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 3 | 08/29/18 | $150,000 wire transfer sent from V1's Morgan Stanley account in Florida, via Citibank, to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 4 | 10/25/18 | $150,000 wire transfer sent from V1's Morgan Stanley account in Florida, via Citibank, to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 5 | 01/08/19 | $150,000 wire transfer sent from V1's Morgan Stanley account in Florida, via Citibank, to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 6 | 02/20/19 | $250,000 wire transfer sent from V1's Morgan Stanley account in Florida, via Citibank, to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 7 | 03/27/19 | $150,000 wire transfer sent from V1's Morgan Stanley account in Florida, via Citibank, to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |
| 8 | 05/23/19 | Deposit of V2's $50,000 check (#121) from Fifth Third Bank in Florida to Sherman & Sherman, P.A.'s IOTA account at Bank of America, which caused an electronic transmission of routing information to Bank of America's servers located outside of Florida. |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE

1. The allegations of this Indictment are hereby realleged and by this reference incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CRAIG SHERMAN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

*[signature]*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*[signature]*
LAURENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CRAIGN SHERMAN

_____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __2-3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)          (Check only one)
   I   ☒ 0 to 5 days         ☐ Petty
   II  ☐ 6 to 10 days        ☐ Minor
   III ☐ 11 to 20 days       ☐ Misdemeanor
   IV  ☐ 21 to 60 days       ☒ Felony
   V   ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
LAURENCE M. BARDFELD
Assistant United States Attorney
FL Bar No.    0712450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Craig Sherman

**Case No:** _____

Count 1-8

Wire Fraud

18 U.S.C. § 1343
* Max. Term of Imprisonment: 20 years
* Min. Term of Imprisonment:
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

Count:


* Max. Term of Imprisonment:
* Min. Term of Imprisonment:
* Max. Supervised Release:
* Max. Fine:

Count:


* Max. Term of Imprisonment:
* Min. Term of Imprisonment:
* Max. Supervised Release:
* Max. Fine:

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.